IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

| | |
|---|---|
| BARBARA ROMERO, Individually and as Personal Representative of the Estate of Brianna Romero And as Next Friend On behalf of M.D.M., a Minor Child,<br><br>  Plaintiffs,<br><br>vs.<br><br>BOARD OF COUNTY COMMISSIONERS OF SANTA FE COUNTY, CITY OF SANTA FE, CAESAR ORNALES, RICHARD HILDEBRANT, DEREK WILLIAMS, AND MELQUIADES OLIVARES; VIRGINIA HARVEY, M.D., AND PRESBYTERIAN HEALTHCARE SERVICES d/b/a PRESBYTERIAN SANTA FE MEDICAL CENTER<br><br>  Defendants. | Case No. 1:23-cv-01056-MLG-KK |

### PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH

Plaintiff, by and through her undersigned attorneys, for her causes of action against the Defendants, would show the Court the following:

### GENERAL ALLEGATIONS

1. Plaintiff is the duly appointed representative of the Estate of Brianna Romero for purposes of this wrongful death lawsuit. The Order for the Appointment of Personal Representative for the Estate of Brianna Romero is attached hereto as Exhibit "A".

2. Defendant Board of Commissioners of Santa Fe County is the governing Board for a unit of local government that is created by the New Mexico legislature. The City of Santa Fe is a municipality.

3. Defendants Ceasar Ornelas and Richard Hildebrant are police officers employed by the City of Santa Fe.

4. Defendant Derek Williams is the warden of the Santa Fe County Detention Center, responsible for the employees and operations of the Detention Center. Defendant Melquiades Olivares is the medical director of the Detention Center responsible for the delivery of proper medical care at the Detention Center.

5. Defendant Virginia Harvey is a medical doctor. Presbyterian Healthcare Services d/b/a Santa Fe Presbyterian Medical Center is a corporation operating a hospital in the Santa Fe County, New Mexico.

6. Venue is proper in this Court because Defendants reside in this county and the events giving rise to this lawsuit occurred in Santa Fe County and the events giving rise to this lawsuit occurred in this district.

7. The morning of September 30, 2021, Brianna Romero, then 20 years of age, was arrested and taken to the Santa Fe County Detention Center ("Detention Center") by City of Santa Fe police officers, where she was booked and placed in a cell. Defendant Hildebrant made the arrest and the decision to transport Brianna to the jail rather than the hospital.

8. Brianna collapsed in her cell, an ambulance was called, and she was transported to Presbyterian Santa Fe Medical Center, at approximately 12:44 PM. She was seen and treated by Defendant Harvey in the emergency room.

9. Brianna Romero was discharged from Defendant Presbyterian Santa Fe Medical Center at approximately 5:45 PM on September 30, 2021, and was transported back to the detention center by Ceasar Ornales, a Santa Fe police officer, one of the Defendants, who was at the hospital with Brianna to maintain custody over her.

10. At Presbyterian Santa Fe Medical Center, Plaintiff was treated by the Defendant Virginia Harvey, the agent of the hospital, which is responsible for her acts and omissions pursuant to the doctrine of r*espondeat superior*.

11. The Santa Fe County Detention Center is a jail operated by Defendants Board of County Commissioners of Santa Fe County, through the Santa Fe County Sheriff's Department. The employees of the detention center are all agents and employees of Santa Fe County.

12. Upon her discharge from the hospital, Brianna Romero and Defendant Ornales were provided with discharge instructions from the Emergency Room physician which provided, among other things, that she should be carefully monitored and that she should come back to the emergency room should she have any further medical difficulties.

13. Upon information and belief, the discharge papers with the instructions were provided to and in the custody of Defendant Ornales or other City of Santa Fe police officers who were at the hospital with Ornales.

14. Alternatively, Ornales had the discharge papers or was aware of them and failed to deliver them to the detention officers when he returned Brianna Romero to the jail, or otherwise advise the officers of the instructions.

15. Brianna Romero was placed in a cell upon her return to the detention center but was discovered several hours later comatose on the floor of the cell, after not having been

properly monitored by detention center guards for several hours. She was not returned to the hospital until approximately 5:45 a.m. on October 1, 2021.

16. Brianna Romero never left the hospital alive. She died on October 10, 2021. Her son, Michael Daniel Montano, and her mother Barbara Romero, survived her. The Office of the Medical Investigator determined the cause of her death to be the toxic effects of multiple drugs, including fentanyl, cocaine, amphetamine, and benzodiazepines.

17. Brianna Romero was discharged from the hospital prematurely, while information on the presence of fentanyl in her system was unknown, and while her lactic acid values were elevated. Defendant Harvey failed to provide proper discharge instructions to the persons who would actually be making decisions at the jail about Ms. Romero's condition and failed to grasp, recognize or protect against the danger to Brianna Romero, presented by discharging her at the time she was discharged.

## FIRST CLAIM FOR RELIEF – TORT CLAIMS ACT BOARD OF COUNTY COMMISSIONERS

18. The allegations of the General Allegations are incorporated herein by this reference.

19. The Board of County Commissioners of Santa Fe County, through the detention center (law enforcement) employees, was negligent in the treatment and incarceration of Brianna Romero in at least the following respects: a) failure to make themselves aware of her medical condition; b) failure to read and follow discharge instructions provided by the hospital; c) failure to timely and properly monitor Brianna Romero in the jail; d) unreasonably delaying treatment for Brianna Romero; and e) failing to provide adequate medical care in the detention facility.

20. Defendants Williams and Olivares failed to properly train, monitor, and supervise the detention center employees.

21. These are torts for which immunity has been waived pursuant to Section 41-4-12 NMSA 1978.

## SECOND CLAIM FOR RELIEF- TORT CLAIMS ACT AGAINST THE CITY OF SANTA FE

22. The allegations of the General Allegations are incorporated herein by this reference.

23. The City of Santa Fe, through its police officers, was negligent in at least the following respects: a) failure to make themselves aware of Brianna Romero's medical condition; b) failure to read and follow discharge instructions provided by the hospital and deliver the instructions to the proper detention center employees; c) failure to inform the county detention center employees of the discharge instructions; and (d) failure to transport Brianna Romero to the hospital initially rather than the jail.

## THIRD CLAIM FOR RELIEF – NEW MEXICO CIVIL RIGHTS ACT

24. These are torts for which immunity has been waived pursuant to Section 41-4-12 NMSA 1978.

25. The allegations of the General Allegations are incorporated herein by this reference.

26. Defendants Board of County Commissioners and the City, through their officers and agents officers deprived Brianna Romero of rights, privileges and immunities pursuant to the Bill of Rights of the Constitution of New Mexico, acting under color of state law and within the course and scope of their authority.

27. Brianna Romero was deprived of her rights to enjoy and defend life and liberty and to seek and obtain safety and happiness, and further suffered the deprivation of life and liberty without due process of law due to the conduct of Defendants set forth above.

## **FOURTH CLAIM FOR RELIEF- 42 U.S.C. 1983**

28. The allegations of paragraphs 1-26 are incorporated herein by this reference.

29. The Defendant officers, Ornales and Hildebrant, deprived Brianna Romero of her rights to be free of cruel and unusual punishment under the Eighth Amendment to the United States Constitution and deprived her of life and liberty without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution, acting under color of state law as Santa Fe police officers.

30. The Defendants Williams and Olivares and the Board of County Commissioners of Santa Fe County, acting under color of state law, deprived Brianna Romero of her rights to be free of cruel and unusual punishment under the Eighth Amendment to the United States Constitution and deprived her of life and liberty without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution by failing to provide proper and timely medical care to her.

## **FIFTH CLAIM FOR RELIEF - DAMAGES**

31. The allegations of Paragraphs 1-30 are incorporated herein by this reference.

32. As a direct and proximate result of the wrongful acts and omissions of Defendants as set forth above, Brianna Romero suffered and died. The Estate and minor child has been damaged and harmed. Plaintiff seeks all damages recoverable under the Wrongful Death Act, including for lost earnings, pain, emotional distress, and loss of enjoyment of life.

Plaintiff also seeks recovery of any medical and related expenses, burial and funeral expenses.

33. Plaintiff seeks compensation for loss of consortium for Brianna's surviving minor child, M.D.M.

WHEREFORE, Plaintiff prays that she have and recover judgment against the Defendants, and each of them, for all compensatory damages; for costs of suit incurred herein; for reasonable attorney's fees; for pre and post-judgment interest as provided by law; and for such other and further relief as the Court may deem to be just and proper.

Respectfully submitted,

*/s/ Samuel P. Ruyle*
**SAMUEL P. RUYLE, ESQ.**
Clark, Jones, & Ruyle, LLC
432 Galisteo St.
Santa Fe, NM 87501
(505) 820-1825
Email: sam@santafelawyers.org

*/s/ Doug Perrin*
**DOUG PERRIN, ESQ.**
The Perrin Law Firm
432 Galisteo St.
Santa Fe, NM 87501
(505) 820-1825
Email: dougperrin@perrinlaw.org

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed through the CM/ECF on this 16th day of May 2024, which caused counsel to be served by electronic means.

*/s/ Doug Perrin*
Doug Perrin